James S. Davis CALBAR NO.207963
Email: Jamesdee3080@msn.com
James S. Davis Attorney at Law
730 Broadway, Suite 102
Chula Vista CA 91910
(619) 934-4600
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company<br><br>            Plaintiff,<br>v.<br><br>**DOE-50.76.49.97,**<br><br>            Defendant. | Case No.:  3:15-cv-05537-LB<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO ISSUE AN FRCP 31 SUBPOENA |

**PLAINTIFFS' SUPPLEMENTAL MOTION**

COMES NOW, Plaintiffs, DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company and respectfully submits this supplemental brief and request leave to take the Deposition by Written Question of Ryan Underwood, 1358 Sevier Ave, Menlo Park, CA 94025. Attached as Exhibit 1 are the proposed questions.

**HISTORY**

On December 4, 2015 Plaintiff filed Motion for Expedited Discovery. On December 22, 2015, the Court granted Plaintiff's motion and leave to subpoena the records of ISP, Comcast Cable, for information identifying the subscriber associated with IP address 50.76.49.97. On January 04, 2016, a subpoena was served on Comcast Cable. Pursuant to the Order of the Court,

MEMO IN SUPPORT OF MOTION FOR FRCP 31                                                                 1

Comcast Cable was given 14 days to notify the subscriber of the subpoena and an additional 30 days to provide the subscriber information to Plaintiff if the subscriber made no objection.

On February 11, 2016, Plaintiff was contacted by attorney, Nicholas Ranallo, who provided an "Anonymous Notice of Representation" and attempted to settle the matter. In settling these cases in California, Plaintiff requests an admission of infringement and injunction against further infringing activity. On February 15, 2016, Mr. Ranallo wrote by e-mail "My client does not admit to downloading the work. Any settlement agreement would require an express non-admission provision as well." Mr. Ranallo's e-mail implied his client was not the responsible party for the infringement of Plaintiff's copyright in the movie *Dallas Buyer Club*.

Based on Mr. Ranallo's e-mail and representations in follow-up e-mails and conversations, Plaintiff requested Mr. Ranallo to identify his client and ask for their assistance in identifying the infringing party. Mr. Ranallo refused to identify his client or assist in helping identify the infringing party.

On February 23, 2016, Comcast Cable identified Ryan Underwood, 1358 Sevier Ave, Menlo Park, CA 94025 as the subscribers registered with IP Address **50.76.49.97** in response to the subpoena. In researching the address 1358 Sevier Ave, Menlo Park, CA 94025, we have determined this location to be a single family residence. Ryan Underwood may or may not be the infringer, but it is likely that at the very least, he has information on the infringing acts, as his IP address was observed on over 400 occasions distributing Plaintiff's movie. (Exhibit 2) On February 26, Plaintiff contacted Mr. Ranallo with the information provided by Comcast Cable. Mr. Ranallo then identified his client as Ryan Underwood.

On February 29, 2016, Plaintiff sent a letter to attorney Nicholas Ranallo to forward to his client Ryan Underwood requesting his assistance in identifying the infringing party.

(Exhibit 3) In addition to the letter, Plaintiff has made over 10 requests to attorney Nicholas Ranallo for the assistance of Ryan Underwood in helping to determine the infringing party. Mr. Underwood has not responded to Plaintiff requests for assistance.

On March 11, 2016, Mr. Ranallo sent Plaintiff two FRCP 68 offers of settlement on behalf of a company Media Buddy PC, in relation to the infringing activity on the IP address assigned to Mr. Underwood. In researching Media Buddy PC., according to the Oklahoma Secretary of State office, this company is registered as an inactive company under Mr. Underwood located at 2547 S 104th E Ave, Tulsa, OK 74129. (Exhibit 4)  At this time, due to Mr. Underwood's failure to assist in locating the infringing party, Plaintiff requests this Court allow Plaintiff to serve Mr. Ryan Underwood with FRCP 31 Deposition by Written Question.

## LESS INTRUSIVE MEANS

Courts have expressed concerns regarding issuing leave to take a third party deposition. Specifically, this Court, has inquired as to the existence of any less intrusive means, to solicit the information Plaintiff seeks to obtain by a method other than deposition under FRCP 45. In reviewing Court Orders, federal rules, and case law in this area, it appears that under FRCP 31, Deposition by Written Question, the Courts concerns, and if responded to, Plaintiff's objectives, can be met in a less intrusive manner. FRCP 31 allows depositions by written questions on nonparties, with leave of the Court prior to an FRCP Rule 26 conference. *See 808 Holdings, LLC*, *v. Collective of November 29, 2011 Sharing Hash* No. 12-cv-0186 MMA, 2012 WL 1648838, *9 (S.D. Cal. May 4, 2012) (Allowing Interrogatories or Deposition by Written Question in early discovery).  If responded to, FRCP 31 depositions by written questions, is a less burdensome means for Plaintiff to obtain information on the actual infringer.

MEMO IN SUPPORT OF MOTION FOR FRCP 31                                                                                          3

Plaintiff requests leave of the Court to serve 4 written deposition questions on Ryan Underwood, because, again, it is likely that at the very least, he has information on the infringing acts, as his IP address was observed on over 400 occasions distributing Plaintiff's movie.

DATED:   March 18, 2016

/s/ James S. Davis
James S. Davis CALBAR NO.207963
Jamesdee3080@msn.com
619-934-4600
Of attorneys for the plaintiff